UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS JONES, JR., <br><br> Plaintiff, <br><br> v. <br><br> DANIEL PARAMO, Warden, *et al.*, <br><br> Defendants. | Civil No. 3:11-cv-2556-GPC (BGS) <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS** <br><br> **(ECF NOS. 16, 25)** |

**INTRODUCTION**

Plaintiff Elvis Jones, Jr. ("Plaintiff"), a California state prisoner proceeding *pro se* and *in forma pauperis*, brought the instant case against Defendants A. Hernandez, K. Balakian, E. Recidro, and D. Paramo ("Defendants"). On March 28, 2012, Plaintiff filed his First Amended Complaint ("FAC") for violations of his civil rights pursuant to 42 U.S.C. § 1983. (ECF No. 8.) On October 1, 2012, Defendants filed a motion to dismiss Plaintiff's FAC because (1) Defendants are protected from this suit by sovereign immunity; (2) Plaintiff has failed to exhaust administrative remedies; and (3) Plaintiff has failed to state a claim upon which relief may be granted. (ECF No. 16.) Pursuant to 28 U.S.C. § 636(b)(1), the Honorable Bernard G. Skomal, United States

Magistrate Judge, submitted a Report and Recommendation ("Report") to this Court on April 22, 2013, recommending that Plaintiff's FAC be dismissed for failure to exhaust administrative remedies. (ECF No. 25.) Judge Skomal also recommended that Defendants' Motion to Dismiss the Plaintiff's claims in the FAC for sovereign immunity and failure to state a claim be denied as moot. Plaintiff filed objections to the Report on May 29, 2013. (ECF No. 27.) For the reasons stated below, this Court **OVERRULES** Plaintiff' objections, **ADOPTS** Judge Skomal's Report, and **GRANTS** Defendant's Motion to Dismiss Plaintiff's claims in the FAC for failure to exhaust administrative remedies.

**FACTUAL BACKGROUND**

**I.  Inmate Appeal No. 1**

On August 27, 2010, Plaintiff submitted an Informal Level Appeal complaining that he and other Enhanced Outpatient Program ("EOP") inmates were not being given equal time to access the law library compared to the General Population ("GP") inmates.[1] (ECF No. 16-2 at 45, 47.) Plaintiff therein stated that EOP inmates are given access to the law library for two hours per day, two days per week, whereas GP inmates are given access to the law library six days per week. (Id.)

Prison librarian E. Simon submitted a response to Plaintiff on September 21, 2010, describing a forthcoming change to the library schedule to take effect upon the reassignment of a part-time library employee to a full-time position. (Id. at 45.) The new schedule allowed EOP inmates access to the law library for a total of nine hours per week. (Id. at 45, 47.) Librarian E. Simon also noted that, since GP inmates outnumber EOP inmates, GP inmates are entitled to and would continue to receive greater access to the law library. (Id.)

On October 1, 2010, Plaintiff indicated that he was dissatisfied with the informal response from librarian E. Simon, and submitted a Formal Level Appeal. (Id. at 45.)

---

[1] This appeal is referred to by the Magistrate Judge as Inmate Appeal No. 1. (Dkt 25 at 2.) It is also referred to in R. Olson's declaration as "[t]he third appeal accepted for review . . . at the formal level on October 10, 2010." (ECF No. 16-2 at 4.)

Plaintiff stated the lack of equal access to the law library amounted to discrimination and again requested access to the law library equal to the GP inmates. (Id.) On October 11, 2010, a temporary library schedule was implemented, wherein EOP inmates were given 2.5 hours per day, four days per week, totaling ten hours per week. (Id. at 49.) The same schedule alotted fourteen hours per week to GP inmates. (Id.)

On October 27, 2010, Correctional Sergeant R. A. Flores interviewed plaintiff regarding the temporary schedule adopted on October 11, 2010. (Id. at 48.) Plaintiff "stated that [the library is] now accommodating inmates in the Enhanced Outpatient Program." (Id.) Plaintiff's Formal Level Appeal was thus "granted."

## II.  Inmate Appeal No. 2

In May of 2011, librarian E. Simon was transferred to a different law library at "another location" and was shortly thereafter replaced by Defendant E. Recidro. (ECF No. 8 at 5.) Plaintiff alleges that defendant Recidro denied him proper access to the law library. (Id.) On October 6, 2011, Plaintiff filed a new appeal at the First Level of Review complaining that the schedule and terms established when his earlier appeal was granted on October 27, 2010, were not being followed.[2,3] (ECF No. 16-2 at 53, 55.) Plaintiff therein stated that EOP inmates were allowed to enter the law library after 9:00 a.m. and forced to leave at 10:45 a.m. (Id.) According to Plaintiff, these

---

[2] This appeal is referred to by the Magistrate Judge as Inmate Appeal No. 2. (ECF No. 25 at 3.) It is also referred to in R. Olson's declaration as "[t]he last appeal . . . received at the first formal level of review on October 6, 2011. (ECF No. 16-2 at 4.)

[3] "Before January 28, 2011, there were four levels of appeal review: (1) informal resolution; (2) formal written appeal on a 602 inmate appeal form at the first level of appeal; (3) second level of appeal to the institution head or designee; and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation (herein the 'Director's level'). Cal. Code Regs. tit. 15, § 3084.5 (2010); Woodford, 548 U.S. at 85-86; Wyatt, 315 F.3d at1119. Prior to Janurary 2011, inmates must fill out two parts of the 602 appeal form: part A, asks for a description of the problem, and part B, asks the inmate to articulate the '[a]ction requested.' A final decision from the Director's level of review generally satisfies the exhaustion requirement under § 1997e(a). Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. Tit. 15,§ 3084.5 (2010)). The California Code of Regulations further requires that inmates file an appeal within 15 days working days of the event or decision they seek to contest, unless the inmate lacks the opportunity and ability to file within the fifteen day time period. Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010) (citing Marella v. Terhune, 568 F.3d 1024, 1028 (9th Cir. 2009); see also Cal. Code Regs. Tit. 15, § 3084.6 (2010)." (ECF No. 25 at 7 n.4.)

times were in violation of the terms of his previous appeal which allowed EOP inmates access to the law library from 9:00 a.m. to 11:30 a.m. (Id.)

Plaintiff was interviewed regarding his appeal on November 7, 2011, by Bruce Crotts and a response was issued to Plaintiff on November 21, 2011. (Id. at 53.) The response, signed by Supervisor of Correctional Education Programs K. Balakian and Associate Warden Alan Hernandez, states (1) "there are approximately twice as many GP inmates as EOP inmates," and the schedule thus allocates hours between the two groups proportionately, not equally; (2) EOP inmates who are designated as Priority Library Users ("priority status") may remain in the library until 11:30 a.m.; and (3) the library schedule is "in accordance with the [Department Operations Manual ("Operations Manual")] and [California Code of Regulations] Title 15," which states that "inmates on [priority] status receive a minimum of four hours per calendar week as resources are available, and inmates on General Library User status ("general status") receive a minimum of two hours per calendar week." (Id. at 61.) The response further states that Plaintiff's complaint and corresponding inmate sign-in sheets both indicate that inmates received access in accordance with the requirements set forth in the Operations Manual and Title 15. (Id.) Plaintiff's appeal was thus denied at the First Level Review.

On November 25, 2011, Plaintiff indicated he was dissatisfied with the First Level response, and filed an appeal at the Second Level of Review. (Id. at 54.) Plaintiff therein reiterated that the relief granted in October 2010 was not being provided. (Id.) Plaintiff again requested greater access to the law library for himself and other EOP inmates. (Id.)

Plaintiff was again interviewed regarding his appeal on January 5, 2012. (Id. at 65.) He stated in the interview that EOP inmates are unable to conduct effective research due to the limited time they are allowed access to the law library, and requested that EOP inmates be allowed "to use the law library at times other than their scheduled yard time." (Id.) Plaintiff also stated that EOP inmates should receive

access equal to that given to GP inmates. (Id.) The Second Level Appeal Response, signed by Chief Deputy Warden K. A. Seibel, reiterated that EOP inmates with general status are to receive access to the law library for a minimum of two hours per week. (Id. at 66.) The response further states EOP inmates with priority status "may be scheduled by the library staff to use the library outside of their scheduled yard time if it does not conflict with their scheduled activities." (Id. at 66-67.) The Second Level Appeal Response declined to adjust the library calendar to give equal access to EOP inmates and GP inmates, declined additional law library access for EOP inmates with general status, and stated that EOP inmates with priority status retain the ability to arrange for access to the library outside of their otherwise allotted time. (Id.) Plaintiff's appeal was therefore partially granted at the Second Level of Review. (Id.)

Plaintiff proceeded to the Third Level of Review on January 24, 2012. (Id. at 54.) Plaintiff stated he was dissatisfied with the Second Level Response because the only allowance for additional access to the law library applied to inmates with priority status, whereas his complaint concerned only general status inmates. (Id.) Plaintiff stated that EOP inmates had less access to the law library compared to GP inmates as a result of deliberate discrimination. (Id. at 54, 56.) Further, Plaintiff claimed that the prison librarians were not allowing EOP inmates minimum required weekly access. (Id. at 56.)

On June 27, 2012, an examiner with the State of California Department of Corrections and Rehabilitation Office of Appeals ("Office of Appeals") conducted a phone interview with Plaintiff. (Id. at 73.) In the interview, Plaintiff stated that EOP inmates are allowed to access the law library from 9:00 a.m. to 10:00 a.m., Monday through Friday, totaling five hours per week. (Id.) Plaintiff also stated that Associate Warden A. Hernandez granted a previous request "allowing inmates to remain in the law library until 11:30am." (Id.)

On August 3, 2012, the Office of Appeals denied Plaintiff's appeal at the Third Level. (Id.) The Office of Appeals found that inmates on priority status must receive

a minimum of four hours of library access per week, and inmates on general status must receive a minimum of two hours of library access per week, "as resources are available." (Id. at 74.) According to Plaintiff's responses in the interview, and the library operating schedule from November 29, 2011 through January 14, 2012, the Office of Appeals determined that those minimum required hours were being met. (Id.) The Office of Appeals found no evidence that Associate Warden A. Hernandez agreed to allow EOP inmates to remain in the library until 11:30 a.m. (Id.) The Office of Appeals also found no evidence that EOP inmates were being discriminated against or improperly denied access to the library. (Id.) The Third Level Appeal Decision states at its conclusion, "This decision exhausts the administrative remedy available to the appellant within CDCR." (Id.)

## **PROCEDURAL BACKGROUND**

Plaintiff filed his FAC on March 28, 2012. (ECF No. 8.) Plaintiff therein alleges (1) his Fourteenth Amendment right to equal protection was violated because he and other EOP inmates did not receive equivalent access to the law library compared to GP inmates; (2) his First Amendment right to equal access to the courts was violated due to restricted access to the law library; and (3) his First Amendment rights were violated by the retaliatory conduct of defendant Recidro. (Id. at 15.) Plaintiff seeks $50,000 "to pay the fees of an attorney to pursue his right to bring his writ of habeas corpus before the Appeals courts." (Id.)

On October 1, 2012, Defendants filed (1) a non-enumerated motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b); (2) a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6); and (3) a motion to dismiss claims in the FAC based on the sovereign immunity of the named plaintiffs. (ECF No. 16.)

On April 22, 2013, Judge Skomal issued the Report, recommending that Defendants' non-enumerated motion to dismiss under Rule 12(b) be granted. (ECF No. 25 at 2.) Judge Skomal recommends that Plaintiff's equal access to court claim, equal protection claim, and retaliation claim all be dismissed without prejudice for failure to

exhaust administrative remedies. (Id. at 10, 11.) The Report further recommends that the motion to dismiss under Rule 12(b)(6) and the motion to dismiss due to sovereign immunity be denied as moot. (Id. at 11.)

On May 14, 2013, Plaintiff filed an objection to the Report. (ECF No. 26.) In his objection, Plaintiff states that he has exhausted administrative remedies regarding his equal access to court claim and his equal protection claim. (Id. at 5.) Regarding his retaliation claim, Plaintiff stipulates that he has not exhausted administrative remedies and therefore "drops that issue before the court." (Id. at 6.)

On May 29, 2013, Defendants filed a reply to Plaintiff's objection to the Report. (ECF No. 27.) Defendants point out that, while Plaintiff's Inmate Appeal No. 1 was granted, Plaintiff's complaint before the Court does not address the issues raised in Inmate Appeal No. 1. (Id. at 2.) Plaintiff's complaint instead involves Inmate Appeal No. 2, which was not exhausted until after Plaintiff filed his FAC. (Id.) Therefore, the Court should "adopt the Report and Recommendation dismissing Plaintiff's Complaint for failure to exhaust his administrative remedies." (Id. at 3.)

## LEGAL STANDARD

In reviewing a magistrate judge's report and recommendation, a district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

## DISCUSSION

### I. Plaintiff's Retaliation Claim

Judge Skomal recommends dismissing Plaintiff's retaliation claim against defendant Recidro for failure to exhaust administrative remedies. (ECF No. 25 at 11.) Defendants claim that Plaintiff did not file an inmate appeal alleging retaliation by defendant Recidro, and Plaintiff did not submit any evidence that he did file such an appeal. (Id. at 10.) Plaintiff did not file an objection to the recommendation that his

retaliation claim be dismissed, instead stipulating that he did in fact fail to exhaust administrative remedies regarding this claim. (ECF No. 26 at 6.) The Court therefore **OVERRULES** Plaintiff's objection, **ADOPTS** the recommendation that Plaintiff's retaliation claim be dismissed without prejudice, and **GRANTS** Defendants' Motion to Dismiss in this regard.

II. **Plaintiff's Equal Protection and Equal Access to Courts Claims**

Judge Skomal also recommends dismissing Plaintiff's equal access to courts claim and equal protection claim. (ECF No. 25 at 9-10.) Plaintiff objects to this recommendation, claiming he exhausted his administrative remedies before fling this action. (ECF No. 26 at 6.)

Plaintiff argues he exhausted his administrative remedies when his Inmate Appeal No. 1 was granted by Associate Warden Alan Hernandez on October 27, 2010. (ECF No. 8 at 8.) By having his appeal granted, Plaintiff argues he received "all the relief that the administrative procedure could give him." (ECF No. 26 at 3.) Plaintiff further states that Inmate Appeal No. 1 and Inmate Appeal No. 2 were sufficient to "put the prison on notice of the potential claims" being filed. (Id. at 4.) Lastly, "[Inmate Appeal No. 2] . . . brought [by] the plaintiff to Federal court was resolved as per Title 15 Article 8.[sic] Section 3084.7(c) before the plaintiff pursued this matter to court." (Id. at 5.)

Defendants argue Plaintiff erroneously relies on the exhaustion of Inmate Appeal No. 1. (ECF No. 27 at 2.) Defendants claim that Plaintiff's FAC contains facts and parties not included in Inmate Appeal No. 1. (Id.) Defendants assert the FAC is instead relevant to Inmate Appeal No. 2, as it relies on facts and parties mentioned therein. (Id.) Further, Plaintiff's claims should be dismissed because Inmate Appeal No. 2 did not exhaust administrative remedies until months after Plaintiff filed his FAC. (Id.)

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by

8

3:12-cv-2556-GPC-DHB

> a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e. The burden of showing that a plaintiff has failed to exhaust administrative remedies is on the defense; failure to exhaust is an affirmative defense. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). To establish a failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a), the defense must bring a non-enumerated 12(b) motion to dismiss the plaintiff's complaint. See id. at 1119. If the court concludes the plaintiff has indeed failed to exhaust, the proper remedy is dismissal without prejudice. O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1059, 1063 (9th Cir. 2007).

Exhaustion serves several basic purposes, including:

> allowing a prison to address complaints about the program it administers before being subject to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.

Jones v. Bock, 549 U.S. 199, 219 (2007). Exhausting administrative remedies before suit is filed gives the government agency "a fair and full opportunity" to adjudicate prisoners' claims. Therefore, proper exhaustion requires "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (emphasis in original) (citation omitted).

In order to achieve these goals, a prisoner's grievance must be "sufficient under the circumstances to put the prison on notice of the potential claims." Irvin v. Zamora, 161 F. Supp.2d 1125, 1135 (S.D. Cal. 2001). Proper exhaustion, in turn, "demands compliance with an agency's deadlines and other critical procedural rules." Id. at 90-91. The exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002).

"The [PLRA] statute requires the prisoner to use the administrative process that the state provides." Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005). The Ninth

Circuit has held, therefore, that "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review, or been reliably informed by an administrator that no remedies are available." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005).

"Any inmate or parolee under the [California Department of Correction's] jurisdiction may appeal any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." 15 C.C.R. § 3084.1(a). As of January 28, 2011, the inmate is required to complete three steps in the appeal process: (1) a first level appeal, to be conducted by the division head or his or her designee; (2) a second level appeal, to be conducted by the hiring authority or his or her designee; and (3) a third level appeal, to be conducted by the Office of Appeals in Sacramento, California (formerly the Inmate Appeals Branch). Id. § 3084.7. The third level appeal response constitutes the decision of the Secretary of CDCR, completing the appeals process and exhausting administrative remedy. Id. The California Code of Regulations further requires that inmates file an appeal within 30 calendar days of the event or decision they seek to contest. Id. § 3084.8.

The Ninth Circuit has ruled that where a complaint contains both exhausted and unexhausted claims (i.e., a "mixed" complaint), and those claims are closely interrelated, a district court should "dismiss the complaint and allow the plaintiff the opportunity to amend his complaint to exercise the unexhausted claims." Lira v. Herrera, 427 F.3d 1164, 1176 (9th Cir. 2005) (holding that whether a mixed claim is dismissed depends upon the "relatedness of the claims contained within"). Where a "mixed" complaint contains claims that are distinct and separate, however, the unexhausted claims should be dismissed. Id. at 1175.

Defendants have shown that, although Inmate Appeal No. 1 was exhausted before Plaintiff initiated the present case, Inmate Appeal No. 2 was only exhausted after Plaintiff's FAC was filed, when it was denied by the Office of Appeals on August 3, 2012. Further, Plaintiff explicitly states that his FAC is based upon the claims in

Inmate Appeal No. 2: "To clear up the record it is not the Claim no 1.[sic] which the petition is filed behind it is Claim NO.2.[sic]" (ECF No. 26 at 5.) Even without Plaintiff's statement, the FAC is overtly related to the claims in Inmate Appeal No. 2, and unrelated to the claim in Inmate Appeal No. 1. Inmate Appeal No. 2 and the FAC both claim that library staff improperly enforced the existing library schedule. (ECF No. 8 at 3; ECF No. 16-2 at 55.) By contrast, Inmate Appeal No. 1 claimed merely that the library schedule was insufficient and unfair. (ECF No. 16-2 at 45.)

Inmate Appeal No. 1 does not name defendants A. Hernandez, K. Balakian, E. Recidro, or D. Paramo; nor does it allege the same events claimed in the FAC. (ECF No. 16-2 at 45-47.) Plaintiff does not complain of being denied proper access to the library until after Recidro replaced E. Simon in May 2011. (ECF No. 8 at 5.) Because the events in the FAC were separate from and after the Inmate Appeal No. 1, Inmate Appeal No. 1 fails to put the prison and prison staff on notice of the events described in the FAC.

Lastly, Plaintiff's FAC does not constitute a "mixed" complaint. Although both Inmate Appeal No. 1 and Inmate Appeal No. 2 are referenced in the FAC, the claims contained therein are not intertwined. As stated above, Inmate Appeal No. 1 concerned a perceived flaw in the law library's operating schedule. (ECF 16-2 at 45-47.) The issue therein was settled when librarian E. Simon, Correctional Sergeant R. A. Flores, and Associate Warden Alan Hernandez agreed upon an amended library schedule. (Id. at 48.) Inmate Appeal No. 2 and Plaintiff's FAC concern enforcement of a different library schedule, including actions and events that occurred after librarian E. Simon was reassigned to a different facility. Because these claims are not closely related, dismissal of any unexhausted claims, without prejudice, is appropriate. Lira, 427 F.3d at 1175.

## **CONCLUSION**

Based on the foregoing, the Court finds agrees the administrative remedies for Inmate Appeal No. 2 were exhausted after Plaintiff filed his FAC on March 28, 2012.

Because Plaintiff failed to exhaust his administrative remedy before commencing this action, this Court must **ADOPT** Judge Skomal's Report. The Court thus **GRANTS** Defendants' Motion to Dismiss as to the failure to exhaust administrative remedies, and the Court **DENIES AS MOOT** Defendants' Motion to Dismiss as to sovereign immunity and failure to state a claim.

**IT IS SO ORDERED**.

DATED: August 19, 2013

HON. GONZALO P. CURIEL
United States District Judge